[Civ. No. 2170.   First Appellate District.—December 14, 1917.]

## K. GALLWEY, Respondent, v. F. C. CASTELHUN, Appellant.

PROMISSORY NOTE—ATTORNEY FEE.—In an action on a promissory note, the allowance of the sum of fifty dollars as a reasonable attorney fee is not excessive where the payments were disputed and considerable time consumed in trying the issue.

ACCOUNT—IMPROPER ITEM — BILL OF PARTICULARS — ADMISSION IN EVIDENCE WITHOUT OBJECTION.—In an action to recover a balance due on a mutual, open, and current account, for moneys advanced and loaned, the defendant cannot complain that he was surprised or misled by proof that one item of the account was for commissions in consummating an exchange of real property, where a bill of particulars showing such item was furnished, and the bill admitted in evidence without objection.

ACCOUNT STATED—ADJUSTMENT OF ITEMS ARISING OUT OF EXCHANGE.— Where parties to an exchange of property agreed that the rents, taxes, and interest should be adjusted *pro rata* as of the date when the transaction was consummated by the exchange of deeds, there was no account stated until the adjustment was made, since one of the essentials of such an account is a previous indebtedness.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, for Appellant.

Gerald C. Halsey, and C. Harold Caulfield, for Respondent.

LENNON, P. J.—This is an appeal from the judgment in favor of plaintiff and from the order denying the defendant's motion for a new trial.

The complaint contained three counts, the first being upon a promissory note for three hundred dollars executed by defendant on the twenty-seventh day of April, 1914, to Eberhardt Estate Company and by it indorsed to J. W. Wright & Company and by the latter indorsed to plaintiff. The second count is to recover a balance of $213.95 alleged to be due upon a mutual, open, and current account for moneys advanced and loaned to the defendant. The third count is on a written contract in which it was agreed that all rent, taxes, interest, etc., on the respective properties to be exchanged were to be adjusted *pro rata* as of the date of exchanging of deeds. The third count then alleged that the exchange of properties was consummated on April 28, 1913, and that at the special instance and request of defendant and pursuant to the said written agreement defendant became indebted to said Shafter Realty Company in the sum of $287.08 as a balance due upon a mutual, open, and current account. Then the assignment of the indebtedness to plaintiff is pleaded.

In answer to the first count the defendant set forth two defenses to the note, viz.: 1. That the note was given in full satisfaction of the claim sued on in the second count, and 2. That the defendant should have been given credit for four payments of $50 each on account of the note.

Upon this phase of the case the evidence is conflicting, and therefore we need not further consider the contention that the trial court's finding concerning the payments made upon the note is contrary to the evidence.

The court below found that plaintiff had employed an attorney to collect the note and allowed $50 as a reasonable fee

for the services of the attorney in collecting the note. Defendant objects to the allowance as grossly excessive. The objection is without merit. While the execution of the note was admitted, the payments were disputed and considerable time was consumed in trying the issue concerning these payments, and the amount to be allowed as attorney's fees being within the discretion of the court, obviously therefore the allowance of $50 as an attorney's fee was not unreasonable or excessive.

Defendant contends that an item of four hundred dollars sued for in the second count of the complaint should not have been rendered in the judgment, because it was shown to be not "money advanced" or "money loaned," but is, as alleged in the bill of particulars, a charge of four hundred dollars against the defendant for commissions upon a trade effected between the defendant and the Shafter Realty Company. In other words, defendant, it is claimed, is charged four hundred dollars, not for money advanced to him nor for moneys loaned to him as pleaded, but for *services rendered,* and therefore there is a fatal variance between the allegations of the complaint and the proof.

Of course, where a defendant is misled to such an extent as to be unable to properly combat the charges of the plaintiff, a variance between the proof and the pleadings is fatal to plaintiff's right to recover. (*Nichols* v. *Randall,* 136 Cal. 426, [69 Pac. 26].) But in the case at bar defendant could not have been surprised or misled by the proof of this item of four hundred dollars because he demanded and received a bill of particulars in which that very item was set forth and labeled. The account and its various items, including this disputed one, was admitted in evidence without objection, and at no time during the trial did counsel for defendant object to its allowance, but in fact he himself introduced the bill of particulars in evidence. When a party receiving a bill of particulars, which is for any reason objectionable, proposes to object to the introduction of evidence thereunder, he may not wait until the trial, but previous to the trial must move for and obtain an order excluding the evidence. (*Conner* v. *Hutchinson,* 17 Cal. 279; *McCarthy* v. *Mt. Tecarte Land Co.,* 110 Cal. 687, [43 Pac. 391].) No objection having been made to the introduction of the bill of particulars and no objection having been made at the trial of the cause to

this item of four hundred dollars, and defendant having been made aware of the same by the bill of particulars, he will not now be heard to complain.

The third count is on a written contract to which the defendant pleads the statute of limitations, upon the theory that said count is one on an account stated. He argues that the bill of particulars states and shows that there was an adjustment between the parties, and that this adjustment constituted a stated account.

There was no account stated between the parties. One of the essentials of an account stated is a previous indebtedness. (1 R. C. L., p. 208.) In the present case the items claimed to constitute an account stated were items arising out of a transaction wherein, as previously stated, two pieces of property were to be exchanged, and, pursuant to the exchange agreement, those items, namely, the rents, taxes, interest, etc., on the respective properties to be exchanged were to be adjusted *pro rata* as of the date when the transaction was consummated by the exchange of the deeds, and therefore until that time arrived there was no indebtedness.

Defendant argues that the agreement admitted in evidence was not between the Shafter Realty Company and the defendant, but between the defendant and the J. W. Wright Company. The written agreement in question consisted of a letter from Castelhun to J. W. Wright & Company, authorizing it to act as the agent of Castelhun in the proposal of exchange of certain property, stating the terms and conditions, and a letter by the Shafter Realty Company to George Bew accepting the proposal of exchange. It appears from the record that George Bew was a salesman for J. W. Wright & Company and was also acting for the Shafter Realty Company in the negotiations between the Shafter Realty Company and Mr. Castelhun. The court found, and the evidence shows, that this written agreement was between the Shafter Realty Company and the defendant.

Judgment and order affirmed.

Kerrigan, J., and Richards, J., concurred.