[Civ. No. 21302. First Dist., Div. Three. Mar. 18, 1964.]

TALMACH STEPHANS et al., Plaintiffs and Respondents, v. RALPH F. HERMAN et al., Defendants, Cross-defendants and Appellants; TITLE INSURANCE AND TRUST COMPANY, Defendant, Cross-complainant and Appellant.

Landels, Ripley, Gregory & Diamond and Julian E. Hultgren for Defendant, Cross-complainant and Appellant.

Paul G. Dobbins for Defendants, Cross-defendants and Appellants.

Kenneth L. Johnson and Everett H. Roan for Plaintiffs and Respondents.

DRAPER, P. J.—Plaintiffs loaned defendants Herman $9,000, and took back a promissory note, payable 90 days thereafter, for $11,500. The note was secured by four lots conveyed by deed of trust to defendant title company, as trustee. Two lots were sold under a prior deed of trust, and are not here in issue. The real estate broker who handled the transaction was in prison at time of trial. She and Mrs. Herman prepared a request for partial reconveyance. Bearing the forged signatures of plaintiffs, this request and a forged note were presented to the title company, which reconveyed lots 8 and 9 to the Hermans some 60 days after date of the note. The Hermans sold lot 8. Lot 9 was later sold under deed of trust securing a prior lien. Plaintiffs learned of these events in

July 1960, and filed this action on the note and for loss of security September 21, 1960.

At trial, plaintiffs waived their claim for the "bonus" of $2,500. They had judgment against the Hermans and the title company, jointly and severally, for $9,000, with interest at 10 percent from the date of the note, plus $2,500 attorney's fees. Title company, on its cross-complaint, was awarded a like amount against the Hermans. All defendants appeal.

■ The award of interest is erroneous. The "bonus" of $2,500 is conceded to be usurious. Thus plaintiffs could not claim or collect interest in any amount (*Williams* v. *Reed*, 48 Cal.2d 57, 68 [307 P.2d 353]). ■ Moreover, the note makes no provision for interest. Plaintiffs argue that the fraud of the Hermans warrants the award. But plaintiffs have shown no damage save loss of the security for their usurious note. Although the chicanery of the Hermans may well deserve punishment, to award interest as a punitive measure is but to compound the usurious act of plaintiffs.

■ The claim against the Hermans rests ultimately upon the note, and the fraudulent dissipation of the security is but incidental thereto. The claim against the title company was based wholly upon its negligence in permitting the fraudulent dissipation of the security. These separate theories of recovery are clearly conceded by plaintiffs' pleadings. Thus the joint and several judgment is erroneous.

■ Although the title company is liable only for the loss of security, we do not accept its contention that plaintiffs must exhaust every means of realizing upon their judgment against the Hermans before resorting to that against the title company. The decision relied upon by the company (*Jeanese, Inc.* v. *Surety Title & Guaranty Co.*, 176 Cal.App.2d 449 [1 Cal.Rptr. 752, 90 A.L.R.2d 495]) does not sustain this argument. Save for the negligent reconveyance by the company, plaintiffs would have immediate recourse to lots 8 and 9 as security, and normally would be not only entitled, but required, to proceed first against that security (*Roseleaf Corp.* v. *Chierighino*, 59 Cal.2d 35, 38-39 [27 Cal.Rptr. 873, 378 P.2d 97]). We find no reason to hold that the company's negligence compels plaintiff now to exhaust the general assets of the debtors, or to prove uncollectibility of the note, before resorting to the company liability which substitutes for the security.

■ The measure of damages for loss of security, properly

resorted to by the trial court, is the fair market value of lots 8 and 9 as of the date of conversion, less prior liens and taxes, not, however, to exceed the amount due on the note. ■ The trial court found the net security value to be $15,292.70. But it placed the fair market value at $25,000 for Lot 8 and $27,500 for Lot 9. The only expert evidence of value placed the figures at $22,000 and $20,000. The only evidence of higher value is found in the representations made by the somewhat discredited Hermans at the time they negotiated this loan, and their assumed value on exchange of Lot 9 and on proposed (but not consummated) trade of Lot 8, after the conversion of the security. These factors do not establish value, and the Hermans gave no direct opinion evidence of value on the crucial date. Neither did either plaintiff. In condemnation cases, the trier of the fact is not permitted to fix value without regard to the opinion evidence (*People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 105 [223 P.2d 37]; *Redevelopment Agency* v. *Modell,* 177 Cal.App.2d 321, 326-327 [2 Cal.Rptr. 245]), and the same rule seems applicable here. We cannot, however, fix the value and modify the judgment. The single valuation expert based his opinion in part upon prior sales, and there is room to infer that he erred in computing prices of these sales from the stamps affixed to the deeds. The precise amount of these errors is not clear. We can say only that the fair market value is too high, but not by how much, and the case must be remanded for trial of that issue.

■ One issue remains. The Hermans' counterclaim ambiguously asserted an offset for usurious interest paid. In the pleading and at pretrial conference, this seemed to refer to interest paid on the note sued upon. At trial, however, it developed that the claim was based upon payment in full on September 21, 1959, of a 90-day note for $10,000 given by the Hermans to plaintiffs for a loan of but $8,000. Evidence of this transaction came in without objection in plaintiffs' case in chief. Further development of it was objected to only on the ground that it did not arise out of the same transaction as the note sued upon. The objection was overruled, and the evidence admitted. The ruling was correct, since it is only a cross-complaint which must arise out of the same transaction (Code Civ. Proc., § 442), and this limitation does not apply to a counterclaim (Code Civ. Proc., § 438; *Robertson* v. *Maroevich,* 42 Cal.App.2d 610, 616 [109 P.2d 708]). The trial court apparently construed the ambiguous pleading as rais-

ing the issue, since it found affirmatively that the counter-claim was barred by laches and estoppel. There is no evidence to sustain the finding on either ground. Plaintiffs now rely on the statute of limitations, which they did not assert below. But the Hermans' counterclaim existed when plaintiffs' complaint was filed, less than one year after payment of the usurious interest on the earlier loans. Thus the counter-claim is not barred (Code Civ. Proc., § 440; *Jones* v. *Mortimer*, 28 Cal.2d 627, 632-633 [170 P.2d 893]), insofar as it claims offset of the $2,000 of usurious interest. The Hermans, however, asserted no claim to treble damages until this appeal. That claim comes far too late, and is barred.

The judgment is reversed and the case remanded for trial of the issue of fair market value of Lots 8 and 9, with or without the taking of additional evidence, as the trial court may deem proper, and for modification of the judgment in other respects in conformity with this opinion.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied April 17, 1964, and respondents' petition for a hearing by the Supreme Court was denied May 13, 1964.