[Civ. No. 7309.    Fourth Dist.    July 22, 1964.]

WAYNE K. DAVIS et al., Plaintiffs and Appellants, v. JAMES MYRE et al., Defendants and Respondents.

Wayne K. Davis and Miriam J. Davis, in pro. per., for Plaintiffs and Appellants.

Alice Moriarty for Defendants and Respondents.

BROWN (R. M.), J.*—Appellants filed a complaint in the Municipal Court of the Los Angeles Judicial District in the San Fernando Branch which was entitled "Complaint for Deficiency (Security Valueless)." and prayed judgment for $2,617.33. In due course, after a demurrer was filed the municipal court ordered the case transferred to the Superior

*Assigned by Chairman of Judicial Council.

Court of Orange County. There, a motion was filed to consolidate the case at bar with case No. 99331, another action pending between the same parties; it was denied. A motion to retransfer the case back to the Municipal Court of the Los Angeles Judicial District was also denied and the respondents filed an answer and a motion for summary judgment which was subsequently granted, from which judgment the appellants appeal.

The action was based upon a note for $2,900 secured by a deed of trust dated May 17, 1959, and recorded June 23, 1959. The complaint alleged that said note and trust deed executed by the respondents had been given to Victor Volden Co., Buena Park, Inc., and assigned by the payee to the appellants on June 14, 1959, said assignment being recorded on June 23, 1959. It was also alleged that at the time the note was executed, record title to the real property covered by the deed of trust was in the names of Ray A. Burke and Alice B. Burke; that said Burkes had prior thereto executed a note and first deed of trust in favor of the Bank of America for $13,825 which was an encumbrance prior in time and superior to the subject deed of trust; that this prior deed of trust was foreclosed upon by a bank; that the security was completely exhausted on February 16, 1962, by said foreclosure sale; that said real estate was sold for an amount which was alleged by appellants to be the fair cash market value for the property at that time; and that the interest of the appellants acquired in the second deed of trust is completely exhausted and valueless.

After an examination of the various documents and exhibits in connection with the complaint and the affidavits involving the summary judgment, it appears that the original vendors (the Burkes) made a deed to Victor Volden Co. on May 18, 1959, which was recorded June 1, 1959, in Book 4738, page 467, of the Orange County Official Records, being document No. 86549; that on May 17, 1959, Volden executed a deed to respondents which was recorded June 23, 1959, in Book 4769, page 325, being document No. 99823; that a note and deed of trust were made to Volden dated May 17, 1959, signed by respondents, and recorded June 23, 1959, in Book 4769, page 326, document No. 99824; and that on June 14, 1959, the note and deed of trust were assigned to appellants, said assignment being recorded on June 23, 1959, in Book 4769, page 327, document No. 99825. All the documents were recorded at the request of Inland Title Co. which was hand-

ling the escrow, being Title Order No. 11815. (Civ. Code, § 1057.)

The question involved on this appeal is whether or not the superior court has original jurisdiction over an action for a deficiency after the security has become valueless where the demand is less than $3,000 (or $5,000 (Code Civ.Proc., § 89, 1961 amendment)); next, as to whether or not an answer is a prerequisite for a motion for summary judgment, whether findings of fact are required, and whether or not Code of Civil Procedure section 580b is applicable to the facts involved in this matter.

In *Morgan* v. *Somervell*, 19 Cal.App.2d 434 [65 P.2d 820], in a similar situation where the promissory note was originally secured by a deed of trust on real property which was subject to a prior mortgage which was foreclosed making the security for the note entirely valueless before the commencement of the action where only $1,780.68 remained unpaid and judgment was entered for the plaintiff, the court in reversing said: "Section 89 of the Code of Civil Procedure provides: 'Municipal courts shall have original jurisdiction of civil cases and proceedings as follows: (a) In all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars or less, . . . ' The present action is a 'case at law.' The superior court was without jurisdiction to enter the judgment from which appeal is taken."

The amount requested in the action before us is less than the monetary jurisdiction of the superior court under Code of Civil Procedure section 89. See *Glass* v. *Bank of America etc. Assn.*, 17 Cal.App.2d 645, which states at page 647 [62 P.2d 764]: "The fact that the question of jurisdiction was not raised at the trial or in the opening brief is not material as 'it is the universal rule that jurisdiction of the subject-matter cannot be conferred upon a tribunal by consent, and it follows that the parties cannot make an effective waiver of a lack of such jurisdiction.' (*Marin M. W. District* v. *North Coast W. Co.* 178 Cal. 324 [173 P. 473].) 'A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers.' (*Forbes* v. *Hyde,* 31 Cal. 342)."

Respondents state that there are equitable issues involved in the suit as to the issue of title. We see no question of title or possession involved in this matter as the real prop-

erty has been sold by foreclosure of the senior deed of trust and the security is now valueless and nonexistent.

In *Brown* v. *Jensen,* 41 Cal.2d 193 [259 P.2d 425], it was held that where the security has been exhausted or rendered valueless, " . . . an action may be brought on the debt on the theory that the limitation to the single action of foreclosure refers to the time the action is brought rather than when the trust deed was made, and that if the security is lost or has become valueless at the time the action is commenced, the debt is no longer secured." (P. 195.)

The title acquired by Victor Volden Co. on May 18, 1959, related back to its deed to respondents on May 17, 1959, and such title passed by operation of law under section 1106 of the Civil Code. (*Cecil* v. *Gray,* 170 Cal. 137 [148 P. 935] ; Civ. Code, §§ 2930, 1459 ; Code Civ. Proc., § 368.) Therefore, the superior court not having jurisdiction, the action must be transferred to the municipal court. The latter court can determine as a matter of fact and law whether or not the deed of trust which on its face states that it is a purchase price mortgage was, in fact, such (*Jeanese, Inc.* v. *Surety Title & Guar. Co.,* 176 Cal.App.2d 449, 454 [1 Cal.Rptr. 752, 90 A.L.R.2d 495] ; *Stockton Sav. & Loan Bank* v. *Massanet,* 18 Cal.2d 200, 208 [114 P.2d 592]), and thus, whether or not Code of Civil Procedure section 580b applies under these facts. (See *Brown* v. *Jensen, supra,* 41 Cal.2d 193; *Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97] ; *Bargioni* v. *Hill,* 59 Cal.2d 121, 122-123 [28 Cal. Rptr. 321, 378 P.2d 593] ; 51 Cal.L.Rev. 1; Cal. Land Security & Development (Cont. Ed. Bar) §§ 16.7, 16.8 & 16.9, pp. 394-399.)

The remaining points urged are unnecessary for us to discuss in view of our decision that because of lack of jurisdiction the judgment appealed from must be reversed.

The judgment is reversed and the superior court instructed to transfer the case to the proper municipal court.

Coughlin, Acting P. J., and Brown (Gerald), J., concurred.