ELKINGTON, J.
 

 Defendant City Title Insurance Company appeals from a judgment of $6,250, plus interest, recovered by plaintiff John R. Howe in a negligence action. The negligence consisted of the failure of defendant to record a request for notice of default and sale under a trust deed as authorized by Civil Code section 2924b. As a result, plaintiff, holder of a junior trust deed on real property, was denied an opportunity to cure a default (as permitted by Civ. Code, § 2924c) under a superior trust deed. The real property was sold December 6, 1962 under a power of sale of the prior instrument, thus wiping out the security of plaintiff’s note for $6,250.
 

 Plaintiff’s note and deed of trust had been executed to secure payment of the purchase price of real property and under Code of Civil Procedure section 580b he had no right to a deficiency judgment. Payment of the note, however, had been guaranteed by the husband of the maker, against whom no proceedings for collection were taken.
 

 The first assignment of error is:
 
 “The court erred in finding the note was valueless after its security was lost.”
 

 Defendant concedes that the note’s maker was not personally obligated thereon. It insists, however, that there was no evidence that the note was uncollectible from its guarantor.
 

 The evidence showed that the guarantor and his wife had much difficulty meeting the required payments on the two trust deed obligations. It also established that an unsatisfied judgment for $6,000 had been outstanding against the guarantor for several months. No evidence of the guarantor’s ability to meet the guarantee was offered by defendant. There was sufficient evidentiary support for the criticized finding.
 

 The instant assignment of error assumes a requirement that plaintiff must unsuccessfully proceed against the guarantor before asserting his negligence claim against defendant. We do not find this to be the law. Nor do we find the alleged erroneous finding necessary to support the judgment.
 

 But for defendant’s negligence plaintiff would have had the security of the real property. His claim against defendant
 
 *83
 
 was a substitute for that security. No reason appears why the plaintiff here should first be required to enforce the debt by action against the guarantor, and then if necessary, resort to the security substitute.
 

 In a ease concerning somewhat similar facts the court in
 
 Stephans
 
 v.
 
 Herman,
 
 225 Cal.App.2d 671, 673 [37 Cal.Rptr. 746], stated: “Although the title company is liable only for the loss of security, we do not accept its contention that plaintiffs must exhaust every means of realizing upon their judgment against the Hermans before resorting to that against the title company, . . . Save for the negligent reconveyance by the company, plaintiffs would have immediate recourse to lots 8 and 9 as security, and normally would be not only entitled, but required, to proceed first against that security [citation]. We find no reason to hold that the company’s negligence compels plaintiff now to exhaust the general assets of the debtors, or to prove uncolleetibility of the note, before resorting to the company liability which substitutes for the security. ’ ’
 

 The second assignment of error before us is:
 
 “The court erred in finding that plaintiff was damaged in the fxdl face amount of the note.”
 

 The trial court determined that the real property had a fair market value of $20,500, which was greater than the combined face amounts of the two trust deeds. The foregoing assignment of error seems premised upon a probability that plaintiff’s trust deed, being an inferior lien, was worth something less than the amount due thereon.
 

 Stephans
 
 v.
 
 Herman, supra,
 
 225 Cal.App.2d 671, 673-674, fixes the measure of damages for negligent loss of real property security as follows: “The measure of damages for loss of security, properly resorted to by the trial court, is the fair market value of [the real property security] as of the date of conversion, less prior liens and taxes, not, however, to exceed the amount due on the note.’’ We believe this standard is proper and in accord with the rule in negligence cases that the appropriate measure of damages “is the amount which will compensate for all the detriment proximately caused’’by the negligence. (Civ. Code, § 3333.)
 

 The record shows payment of $450 on plaintiff’s trust deed obligation which payment is not reflected in the judgment. The amount due on the note was therefore $5,800. Applying the
 
 Stephans
 
 v.
 
 Herman
 
 criteria, the judgment should have
 
 *84
 
 been for $5,800 principal, with interest from December 6,1962, adjusted to the smaller principal sum.
 

 Plaintiff’s final assignment of error is stated as:
 
 “The court erred in awarding interest from date of loss of the security
 

 Civil Code section 3287 provides: “Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, ...” Section 3288 of the same code provides: “In an action for the breach of an obligation not arising from contract, . . . interest may be given, in the discretion of the jury.” It is the rule that if damages may be determined by reference to reasonably ascertainable market values, they are “capable of being made certain by calculation’’ within the meaning of section 3287
 
 supra.
 
 (See
 
 Lineman
 
 v.
 
 Schmid,
 
 32 Cal.2d 204, 209-210 [195 P.2d 408, 4 A.L.R.2d
 
 1380]; Crabbe
 
 v.
 
 Mires,
 
 112 Cal.App.2d 456, 461 [246 P.2d 991].)
 

 The evidence indicates the real property was sold in January 1962 for $24,000, and soon after the previously mentioned trustee sale for $20,500. The amount of the first sale was known to defendant and that of the second, if not known, was readily ascertainable. These sales were competent evidence of a fair market value considerably in excess of all liens (including the two trust deeds) against the real property. By calculation, under the criteria of
 
 Stephans
 
 v.
 
 Herman, supra,
 
 225 Cal.App.2d 671, plaintiff’s damages in the principal amount of $5,800 could be made certain.
 

 The cause is remanded with instructions to the trial court to modify the principal amount of the judgment to $5,800, with appropriate adjustment of interest from December 6, 1962. As so modified the judgment is affirmed. Respondent will have his costs on appeal.
 

 Molinari, P.J., and Sims, J., concurred.