# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42850

| | | |
|---|---|---|
| EAGLE EQUITY FUND, LLC, an Idaho Limited Liability Company, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | Boise, May 2016 Term |
| v. | ) ) | 2016 Opinion No.139 |
| TITLEONE CORPORATION, an Idaho Corporation; and COREY BARTON HOMES, INC., an Idaho Corporation, | ) ) ) ) | Filed: November 25, 2016<br><br>Stephen W. Kenyon, Clerk |
| Defendants-Respondents, | ) ) | |
| and | ) ) | |
| FIDELITY NATIONAL TITLE COMPANY (*fka* Land America Transnation *aka* Transnation Title & Escrow, Inc.), a Delaware Corporation; CHICAGO TITLE INSURANCE COMPANY, a Nebraska or Florida Corporation (*fka* Ticor Title Insurance Company, a California Corporation); RBC REAL ESTATE FINANCE, INC.; ALLIANCE TITLE & ESCROW CORP., a Delaware Corporation; DAS INVESTMENTS, LLC, an Idaho Limited Liability Company; and JOHN DOES III-X, unknown individuals and/or companies, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County.  Hon. Jason Scott, District Judge.

The judgments of the district court are <u>affirmed</u>.  Attorney fees and costs on appeal are <u>awarded</u> to respondent TitleOne and respondent Corey Barton.

Eagle Law Center, LLC., Eagle, attorneys for appellant. Paul R. Mangiantini argued.

Givens Pursley, LLP, Boise, attorneys for respondent TitleOne. Thomas Dvorak argued.

Richard W. Mollerup, Boise, attorney for respondent Alliance Title.

Fisher, Pusch & Krueck, LLP, Boise, attorneys for respondent Corey Barton. David T. Krueck argued.

Hawley, Troxell Ennis & Hawley, Boise, attorneys for respondent DAS Investment.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

This case arises out of an allegedly improper reconveyance (the "Reconveyance") of a junior deed of trust (the "EEF Deed of Trust") held by Appellant, Eagle Equity Fund, LLC ("EEF"). The Reconveyance, which was executed by Respondent, TitleOne Corporation ("TitleOne"), had the effect of divesting EEF of its security interest in the collateral property (the "Property"). Because EEF was divested of its security interest, it did not receive notice when the Property was later sold to DAS Investments, LLC ("DAS"). Being unaware of the sale, EEF had no opportunity to participate in the sale process. Shortly thereafter, DAS resold the Property to Corey Barton Homes, Inc. ("CBH"), for a profit. On discovering the sale and resale of the Property, EEF sued TitleOne, DAS, and CBH, among others, on a litany of counts including tortious interference and negligent reconveyance of the EEF Deed of Trust.

The district court made three findings that are now challenged on appeal. First, the district court dismissed on summary judgment EEF's claims for tortious interference with a prospective economic advantage and negligent reconveyance under Idaho Code section 45-1205. It reasoned that each of those claims requires a showing of damages and EEF had failed to provide evidence of any loss of monetary value resulting from the Reconveyance. Second, the district court found that even if EEF had shown damages, the three year statute of limitations on its claim for negligent reconveyance under Idaho Code section 45-1205, which had begun to run on the date of the Reconveyance, had expired. Third, the district court refused to allow EEF to

2

amend its complaint to add a quiet title claim against CBH. It reasoned that such an amendment would be futile because both DAS and CBH were bona fide purchasers.

On appeal, EEF argues that: (1) the Reconveyance damaged EEF by depriving it of the opportunity to insert itself into the sale of the Property; (2) the statute of limitations had not run on EEF's negligent reconveyance claim under Idaho Code section 45-1205 because it should have been calculated from the date of the sale rather than from the date of the Reconveyance; and (3) DAS and CBH were not bona fide purchasers because they had inquiry notice of EEF's interest.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November 2006, Galiano LLC ("Galiano") acquired the Property, a 29.63 acre parcel of real property in Kuna, Idaho, which it planned to develop and subdivide into sixty separate residential lots. In order to finance the development of the Property, Galiano, through its managing member, Edward I. Mason, sought loans from RBC Centura Bank ("RBC") and EEF.

On November 17, 2006, RBC loaned Galiano $6,063,300 under two separate promissory notes (collectively the "RBC Loan"). The RBC Loan was secured by a first priority deed of trust against the Property (the "RBC Deed of Trust"), which was recorded in the real property records of Ada County, Idaho.

Also on November 17, 2006, EEF loaned Galiano $725,500 (the "EEF Loan" and, with the RBC Loan, the "Loan Agreements"). The EEF Loan was secured by the EEF Deed of Trust, a second priority deed of trust against the Property, which was recorded in the real property records of Ada County, Idaho.

In conjunction with the Loan Agreements, EEF, RBC, and Galiano entered into a subordination agreement (the "Subordination Agreement") providing that the EEF Deed of Trust was junior and subordinate to the RBC Deed of Trust.

Over three years later, on January 25, 2010, TitleOne executed the Reconveyance of the EEF Deed of Trust, despite the fact that the EEF Loan had not been paid by any party. TitleOne appears to have had no justification for executing the Reconveyance, which it did without EEF's knowledge or consent.[1]

---

[1] The district court would later find that "despite that TitleOne has not been able to explain why the reconveyance was executed and recorded, the reconveyance appears to reflect a mistake rather than deliberate wrongdoing." This finding was not challenged on appeal.

3

In 2011 Galiano was unable to make payments on the RBC Loan as they came due. At that time Galiano still owed RBC roughly $3.4 million. In or around May 2012, Galiano sought and obtained RBC's permission to short sell the Property to DAS for $860,000.[2] The Property was sold to DAS on May 17, 2012, by general warranty deed. EEF did not receive notice of the sale, did not consent to the sale, and was not aware of the sale when it occurred.

Over the course of a year after purchasing the Property, DAS sold each of the lots to CBH. According to EEF, the total resale price of the lots was $1.13 million, netting DAS a gross profit of roughly $270,000.

In early 2013, EEF noticed renewed activity on the Property. It was at this time that it learned of the short sale and the Reconveyance. Shortly thereafter EEF sued TitleOne, claiming *inter alia*: (1) tortious interference with a prospective economic advantage, and (2) violation of Idaho Code section 45-1205 (negligent reconveyance of a deed of trust).

On February 26, 2014, the district court issued an opinion finding that EEF's claim under Idaho Code section 45-1205 was barred by the statute of limitations. The district court granted EEF additional time to establish that equitable estoppel prevented TitleOne from raising the statute of limitations as a defense.

On September 4, 2014, EEF moved to amend its complaint to include a quiet title claim against CBH.

On September 19, 2014, the district court dismissed all claims against TitleOne on summary judgment. The district court reasoned that: (1) "[a] claim for damages must be supported by competent evidence of damages or it is unfit to survive the defending party's motion for summary judgment"; (2) "the measure of damages for loss or impairment of security is the actual value of the security in the property at the time the security was lost or impaired"; (3) "[EEF] offers no evidence that the property's value, as of the date of either the apparently improper reconveyance or the property's short sale, was sufficient to satisfy RBC's senior deed of trust"; and (4) "without proof that the property's value, as of at least one of those times, exceeded the amount owing RBC, there is no proof that EEF's deed of trust was worth anything at any material time."

---

[2] A short sale occurs when a property is sold for less than the outstanding amount of debt that it secures. Short sales are permitted only where the seller has obtained the consent of all creditors secured by the property.

With respect to EEF's argument that it was damaged by the Reconveyance because it was prevented from participating in the short sale, the district court reasoned that "EEF does not show damages by simply presuming that, in the absence of the apparently wrongful reconveyance, it would have bought the property instead of DAS and resold it to [CBH] for a profit, just as DAS did."

On October 24, 2014, the district court issued an order denying EEF's motion to amend its complaint to include a quiet title claim against CBH. The district court reasoned that:

> At the time DAS purchased the property, DAS was on notice of the then-recorded documents affecting title to the property, as well as of such matters as might be learned by inquiry which the recitals in [the recorded] instruments made it a duty to pursue. By that time, of course, TitleOne had already reconveyed EEF's junior deed of trust. In terms of form, the reconveyance . . . is nearly identical to the statutorily prescribed form. . . . It inarguably is in substantial compliance with the statutorily required form. Because its form substantially complies with the statute, the reconveyance extinguished the deed of trust, irrespective of any deficiency in the reconveyance procedure not disclosed in the . . . reconveyance itself. DAS therefore did not have constructive knowledge of EEF's claimed lienholder interest in the property.

> [Accordingly,] DAS is a "bona fide purchaser" of the property, with the right to convey it free and clear of unknown claims, including EEF's claimed lienholder interest. . . . DAS's transferees and all subsequent transferees are protected by the "shelter rule," absent evidence supporting a conclusion that one of the shelter rule's exceptions applies. Accordingly, the transferees also own the property free and clear of EEF's claimed lienholder interest. EEF's quiet-title claim is therefore futile.

### III. ISSUES ON APPEAL

1. Did the district court err in finding that EEF failed to provide competent evidence of damages on summary judgment?

2. Did the district court err in determining when the three year statute of limitations began to run with respect to EEF's claim under Idaho Code section 45-1205?

3. Did the district court abuse its discretion by denying EEF's request to add a cause of action for quiet title?

4. Is any party entitled to attorney's fees on appeal?

### IV. STANDARD OF REVIEW

**A. This Court reviews grants of motions for summary judgment using the standard applied by the district court.**

On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and

5

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party.

*Golub v. Kirk-Hughes Dev., LLC*, 158 Idaho 73, 75–76, 343 P.3d 1080, 1082–83 (2015)

(quoting *Conner v. Hodges*, 157 Idaho 19, 23, 333 P.3d 130, 134 (2014)).

Flimsy or transparent contentions, theoretical questions of fact which are not genuine, or disputes as to matters of form do not create genuine issues which will preclude summary judgment. Neither is a mere pleading allegation sufficient to create a genuine issue as against affidavits and other evidentiary materials which show the allegation to be false. A mere scintilla of evidence is not enough to create an issue; there must be evidence on which a jury might rely.

*Weisel v. Beaver Springs Owners Ass'n, Inc.*, 152 Idaho 519, 524-25, 272 P.3d 491, 496-97

(2012) (quoting *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 871, 452 P.2d 362, 368

(1969)).

**B.     Where there is no dispute regarding the underlying facts, the determination when a statute of limitations begins to run is a question of law over which this Court exercises free review.**

The time when "a cause of action accrues may be a question of law or a question of fact, depending upon whether any disputed issues of material fact exist." *Kimbrough v. Reed*, 130 Idaho 512, 516, 943 P.2d 1232, 1236 (1997). Where there is no dispute over any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. *Id.*

*Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004).

In this case, the parties are in agreement as to the relevant underlying facts surrounding the Reconveyance, but disagree with respect to whether or not EEF's cause of action accrued at the time the Reconveyance was executed. Accordingly, this Court exercises free review over the statute of limitations issue.

**C.     When reviewing a district court's denial of a motion to amend this Court applies an abuse of discretion standard.**

This Court applies an abuse of discretion standard when reviewing a district court's decision to deny a motion to amend a complaint in order to add additional claims. *Weitz v. Green*, 148 Idaho 851, 857-58, 230 P.3d 743, 749-50 (2010). The test to determine whether a trial court has abused its discretion consists of three parts: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries

of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *Goodspeed v. Shippen*, 154 Idaho 866, 869-70, 303 P.3d 225, 228-29 (2013) (quoting *Schmechel v. Dillé*, 148 Idaho 176, 179, 219 P.3d 1192, 1195 (2009)).

## V. ANALYSIS

### A. As a preliminary matter, EEF had no claim against TitleOne for tortious interference with a prospective economic advantage.

"Where the clear implication of a legislative act is to change the common law rule we recognize the modification because the legislature has the power to abrogate the common law." *Mickelsen v. Broadway Ford, Inc.*, 153 Idaho 149, 153, 280 P.3d 176, 180 (2012) (quoting *McCann v. McCann*, 152 Idaho 809, 818, 275 P.3d 824, 833 (2012)). Even where a statute does not explicitly address its common law counterpart, where the language of that statute is exclusive then the common law action is displaced. *See, e.g.*, *Id.* The express language of Idaho Code section 45-1205 provides that there will be liability "for the damages suffered as a result of such improper reconveyance **only if** the title insurer or title agent failed to substantially comply with the provisions of section 45-1203 or 45-1204, Idaho Code, or acted with negligence or in bad faith in reconveying the trust deed." I.C. § 45-1205 (emphasis added). The use of the term "only if" serves to displace any existing common law causes of action creating liability for a negligent reconveyance.

Here, EEF seeks to assert a common law cause of action—interference with a prospective economic advantage—as a theory of liability for EEF's allegedly improper reconveyance. Because the express language of Idaho Code section 45-1205 precludes common law causes of action for improper reconveyance, EEF could not bring a claim against TitleOne for interference with a prospective economic advantage.

### B. The district court did not err by dismissing EEF's claims against TitleOne on summary judgment.

"[On motion for summary judgment] the moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Partout v. Harper*, 145 Idaho 683, 688, 183 P.3d 771, 776 (2008). Evidence of damages "is sufficient if it proves the damages with reasonable certainty." *Griffith v. Clear Lakes Trout Co.*, 146 Idaho 613, 618, 200 P.3d 1162, 1167 (2009). "[R]easonable certainty requires neither absolute assurance nor

7

mathematical exactitude." *Id.* However, "the factfinder may not determine damages by mere speculation and guesswork, and there must be a reasonable foundation established by the evidence from which the factfinder can calculate the amount of damages." *Pope v. Intermountain Gas, Co,* 103 Idaho 217, 234, 646 P.2d 988, 1005 (1982). "Damage awards based upon speculation and conjecture will not be allowed." *Inland Group of Companies, Inc. v. Providence Washington Ins. Co.*, 133 Idaho 249, 257, 985 P.2d 674, 682 (1999) (citing *Rindlisbaker v. Wilson*, 95 Idaho 752, 519 P.2d 421 (1974)).

The measure of damages for the improper reconveyance of a piece of property is an issue of first impression for this Court. We adopt the rule set forth by the California Court of Appeals in *Stephans v. Herman*: "The measure of damages for loss of security . . . is the fair market value of [the security property] as of the date of conversion less prior liens and taxes, not, however to exceed the amount due on the note." 37 Cal. Rptr. 746, 748 (Cal. Ct. App. 1964); *see also Howe v. City Title Ins. Co.*, 63 Cal. Rptr. 119, 122 (Cal. Ct. App. 1967); *Rooz v. Kimmel*, 64 Cal. Rptr. 2d 177, 191 (Cal. Ct. App. 1997).

In this case, EEF failed to provide evidence that the fair market value of the Property, as of January 25, 2010, was greater than the amount of higher priority encumbrances (approx. $3.4 million owed to RBC). At best, EEF provided speculation and conjecture on this issue, which is not sufficient to support a damages award. EEF's alternative theory of damages, that the Reconveyance caused it to suffer a loss of potential profits is unavailing. Such damages are not available in an improper reconveyance case.

**C.    This Court does not reach the issue of whether or not the district court miscalculated the statute of limitations for EEF's Idaho Code section 45-1205 claim.**

Because we have determined that the district court did not err in dismissing EEF's Idaho Code section 45-1205 claim on summary judgment, whether or not the district court miscalculated the statute of limitations for that claim is no longer relevant. Accordingly, we will not now address the statute of limitations issue.

**D.    The district court did not abuse its discretion when it refused to allow EEF to amend its complaint in order to add a quiet title claim against CBH.**

Idaho Rule of Civil Procedure 15(a) provides that a complaint may be amended by leave of Court, which shall be freely given "when justice so requires." However, "[i]f the amended pleading does not set out a valid claim . . . it is not an abuse of discretion for the trial court to

deny the motion to file the amended complaint." *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). A court is not required to permit the amendment of a complaint where such amendment would be futile. *See, Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 871, 993 P.2d 1197, 1202 (1999).

Idaho Code section 6-401 provides that "[an] action [to quiet title] may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim." I.C. § 6-401. Although a quiet title action challenges the defendant's interest, the plaintiff necessarily asserts his or her own property interest in bringing a quiet title action. *Silver Eagle Mining Co. v. State*, 153 Idaho 176, 181, 280 P.3d 679, 684 (2012). Thus a plaintiff seeking to quiet title against another must succeed on the strength of his or her own interest and may not rely merely upon the weakness of his or her adversary's interest. *Aldape v. Akins*, 105 Idaho 254, 260, 668 P.2d 130, 136 (Ct. App. 1983) (citing *Pincock v. Pocatello Gold & Copper Min. Co., Inc.*, 100 Idaho 325, 331, 597 P.2d 211, 217 (1979).

Idaho Code section 45-1203(4) provides that "[a] reconveyance of a trust deed . . . when recorded shall constitute a reconveyance of the trust deed identified therein, irrespective of any deficiency in the reconveyance procedure not disclosed in the release or reconveyance that is recorded other than a forgery." I.C. § 45-1203(4).

When considered in conjunction, the above law leads to the inevitable conclusion that the district court did not abuse its discretion when it refused to allow EEF to amend its complaint in order to add a claim for quiet title against CBH. A court does not abuse its discretion when it refuses to allow a party to amend a complaint in order to include claims which, as a legal matter, have no possibility of success. In this instance, EEF has no valid claim to an interest in the Property. The Reconveyance had the legal effect of divesting EEF of any security interest that it held at that time. Accordingly, EEF could not possibly have succeeded on its claim for quiet title. Because the claim which EEF sought to add to its complaint had no legal merit, the district court did not abuse its discretion when it refused EEF's motion to amend.

**E.     Attorney fees on appeal are granted to Respondents.**

An "award of attorney fees under Idaho Code § 12-121 is not a matter of right to the prevailing party, but is appropriate [] when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without

foundation." *Teurlings v. Larson*, 156 Idaho 65, 75–76, 320 P.3d 1224, 1234–35 (2013) (quoting *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009). With respect to TitleOne, EEF appealed from a district court finding that it failed to present evidence of damages beyond mere speculation. On appeal, EEF still provides nothing but speculation. Indeed, EEF even admitted before the district court that any expert brought to testify with regards to damages "literally would have to speculate," and yet still appealed the issue to this Court. Because the appeal on this issue was pursued frivolously, unreasonably and without foundation we grant reasonable attorney's fees to Title One.

With respect to CBH, EEF appeals the district court's refusal to allow it to amend its complaint to bring a quiet title action against CBH. While it dedicates a significant amount of time to attacking CBH's claim to title, it fails to establish its own interest in the Property. A quiet title claim based entirely on the weakness of the defendant's interest has no chance of success. Accordingly, EEF's appeal against CBH was pursued frivolously, unreasonably and without foundation. We grant reasonable attorney's fees to CBH.

## VI. CONCLUSION

The judgments of the district court are affirmed. Attorney's fees to Respondents.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON, CONCUR.

10