[No. 15252.   Department Two.—May 3, 1894.]

## W. N. VINCENT, APPELLANT, v. THE CITY OF PACIFIC GROVE, RESPONDENT.

STREET IMPROVEMENT—GRADING—OFFICIAL GRADE—EVIDENCE—RECITALS IN RESOLUTION AND NOTICE—PRESUMPTION.—Where the resolution of intention to do street work by grading a portion of a street to the official grade thereof, as established by resolution of the board adopted at a meeting referred to in the resolution of intention, and described as on file at the office of the city clerk, and where the notice posted by the street superintendent, and the resolution ordering the work contained the same statements, if no proof is offered to show that the grade was not established at the time and in the manner indicated, the statement that it was so established must be accepted as true.

ID.—PUBLICATION OF RESOLUTIONS—MISTAKE IN DATE OF PASSAGE.—Where the resolution of intention and the resolution ordering the work to be done, as passed, each showed the true date of its passage, the fact that as published the date of the passage of each of the resolutions was misprinted, is immaterial, the date of the passage not being a part of the resolution, and not required to be published.

ID.—NONSUIT—TIME FOR FILING BRIEFS—HARMLESS ERROR.—Where after the denial *pro forma* of a motion for a nonsuit, the defendant declined to offer any evidence, and the cause was submitted upon briefs, the fact that the court, without the plaintiff's consent, and before the expiration of the time for presenting the reply brief, entered an order granting a nonsuit and dismissing the action, is a harmless error, and is not ground for a reversal of the judgment for nonsuit, if, upon the case made, the plaintiff was not entitled to recover.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*C. T. Bird*, for Appellant.

No official grade of the street had been established at the time of the passage of the resolution of intention, and therefore the work was not described by it. (*People* v. *Clark*, 47 Cal. 456.) The resolution of intention was not published as required by statute, as the original resolution is certified as passed in September, 1890, and the one published is dated September, 1880; therefore no jurisdiction was ever acquired. (*Richardson* v. *Tobin*, 45 Cal. 30, 32; *Haskell* v. *Bartlett*, 34 Cal. 281, 283; *Chambers* v. *Satterlee*, 40 Cal. 497, 524.) The error in the date of the published order of street work is a defect affecting the jurisdiction; and a strict compliance is required in such cases. (*Chambers* v. *Satterlee*, 40 Cal. 497, 525, 526; Elliott on Roads and Streets, p. 371.) Reasonable doubt as to the jurisdiction to receive the bid or to award a contract is to be resolved against the municipal corporation. (*Brockman* v. *Creston*, 79 Iowa, 587; *State* v. *Rowe*, 72 Md. 548; 20 At. Rep. 179; *Vosburg* v. *McCrary*, 77 Tex. 568; *Turner* v. *Forsyth*, 78 Ga. 683; *Johnson* v. *District of Columbia* (D. C.), 9 Cent. Rep. 653.)

*W. A. Kearney*, for Respondent.

BELCHER, C.—This is an action to recover the sum of five hundred dollars, and the appeal is from a judgment of nonsuit, and an order denying a motion for new trial.

The facts alleged in the complaint, and not denied by the answer, are, in substance, as follows: The defendant was a municipal corporation of the sixth class, and, on September 8, 1890, its board of trustees, acting under the authority of an act of the legislature commonly called the Vrooman act (Stats. 1885, p. 147), as amended in

1889 (Stats. 1889, p. 157), passed a resolution declaring its intention to improve Laurel avenue in said city from East street to Alder street, and designating the *Pacific Grove Review*, a weekly newspaper published and circulated in said city, as the newspaper in which said resolution of intention should be published.   On September 12, 1890, the superintendent of streets posted notices of the passage of said resolution of intention along the line of the work mentioned therein, as required by law, and on the same day delivered to the publisher of the said weekly newspaper a notice, similar in substance, for publication by one insertion therein.   On November 14, 1890, the board of trustees passed a resolution whereby it ordered the work described in the resolution of intention to be done pursuant to plans and specifications adopted therefor; and on January 5, 1891, it passed a resolution directing the clerk of the city to cause a notice with specifications to be posted, inviting proposals or bids for doing the work, and also directing the clerk to publish in said weekly newspaper a notice that proposals or bids for said work would be received by him up to the first Monday of February, 1891.   On January 10, 1891, the clerk posted and caused to be published notices with specifications, etc., as directed.   On February 2, 1891, N. Vincent & Co. delivered to the said clerk their proposal to do the said work for the sum of four thousand nine hundred and ninety-seven dollars and fifty cents, and accompanied the same with a bank check for the sum of five hundred dollars, payable to the order of the president of said board; and on the same day the board awarded the contract to them, as the lowest bidder, for the price or sum named in their bid.   Afterwards N. Vincent & Co., upon the ground that they had discovered that the proceedings were invalid, refused to enter into any contract with the street superintendent to do the said work; and on March 5th they demanded of the said board of trustees, in writing, that it order the said bank check returned to them.   The board refused to make such order, and on the same day passed a resolu-

tion declaring the check forfeited to the city, and ordering the chairman of the board to collect the same, and pay the money into the city treasury, which was done. Thereafter N. Vincent & Co. assigned all their right, title, and interest in and to the said check and the said five hundred dollars to the plaintiff, who commenced this action, averring that the said sum was so placed and received into the treasury of defendant to his use, and that he had a right to recover the same, with interest.

The complaint further alleged that no official grade for Laurel avenue had been established at the time of the passage of said resolution of intention, and also that neither the resolution of intention, passed September 8th, nor the notice of the passage of said resolution, posted by the street superintendent September 12th, nor the resolution ordering the work to be done, passed November 14th, was ever published, as required by law, and hence that the proceedings were without authority of law, and void. The answer specifically denied each of these allegations, and averred that, on September 8, 1890, the board of trustees, by an order duly made and entered, established an official grade for the said avenue, which ever since has been, and now is, the official grade thereof, and that the resolution of intention, the notice of the passage of said resolution, and the resolution ordering the work to be done, were each posted and published in all respects as required by law.

Appellant contends that the decision upon each of these contested issues should have been in his favor, and that the court, therefore, erred in granting the motion for nonsuit.

1. The resolution of intention declared that it was the intention of the board of trustees "to order Laurel avenue, from the east line of First street to the west line of Alder street, graded to the official grade thereof, as established by resolution of said board, adopted at a meeting thereof held September 8, 1890, and now on file at the office of the city clerk of said city of Pacific

Grove." The notice posted by the street superintendent, and the resolution ordering the work done, also contained the same statements. No proof was offered by the plaintiff showing that a grade was not established at the time and in the manner indicated, and the statement that it was must therefore be accepted as true.

2. To show that the resolution of intention was never properly published, plaintiff introduced in evidence a copy thereof as printed in the newspaper. At the foot of the resolution as passed were these words: "Passed in board of trustees this eighth day of September, 1890, by the following vote," etc. As published, the year was printed "1880," instead of "1890," and this constitutes the only objection to the sufficiency of the publication. The error complained of was, in our opinion, wholly immaterial. The date of its passage was not a part of the resolution, and was not required to be published. The statute required only that the *resolution* be published.

3. The plaintiff introduced in evidence the street superintendent's notice of the passage of the resolution of intention, framed in all respects as required by law, and the affidavit of the superintendent stating that he posted the same on September 12, 1890, as required, and also that "on the same day he caused a notice similar in substance to be published for one insertion in the *Pacific Grove Review*, a weekly newspaper published and circulated in said city, designated by the board of city trustees of said city of Pacific Grove as the paper in which said notice should be published." To show that this notice was never published, plaintiff then introduced in evidence copies of every issue of the *Pacific Grove Review* from January 12, 1890, to April 15, 1891, "excepting the issue of said paper for the date of September 17, 1890." The notice was not published in any of the papers introduced, and it is therefore claimed that it was never published at all. But the issue of September 17th was the first issue after the notice was posted, and the one in which it should have been pub-

lished. Under this showing the claim that the notice was never published cannot be sustained.

4. To show that the resolution ordering the work to be done was never properly published, plaintiff introduced in evidence a copy of it, at the foot of which were the words: " Passed this fourteenth day of November, 1890, by the following vote," etc., and also a copy of it as published, in which the year of its passage was printed " 1860 " instead of " 1890," as in the original.

This was an error of the same character as that which occurred in the publication of the resolution of intention, and may be disposed of in the same way. It was harmless, and did not invalidate the publication.

5. At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, and the motion was denied *pro forma*. The defendant declined to offer any evidence, and thereupon the cause was submitted upon briefs to be filed—the plaintiff being allowed thirty days to present his opening brief, the defendant twenty days to present its brief, and the plaintiff ten days to reply. The plaintiff filed his opening brief and the defendant its brief, but, before the expiration of the time for presenting the reply brief, the court, without the plaintiff's consent, entered an order granting a nonsuit and dismissing the action.

It is claimed that this action of the court was premature and erroneous, and therefore cause for reversal. But conceding that the court should have suspended its action until the time for presenting the reply brief had expired, still its failure to do so was a harmless error, if upon the case made the plaintiff was not entitled to recover.

That the plaintiff here was not entitled to recover upon the case made by him is clear. The statute required all proposals or bids to be accompanied by a certified check for not less than ten per cent of the aggregate of the proposal, etc.; and it provided that the contract should be awarded to the lowest responsible bidder, and " if said bidder fails, neglects, or refuses to

enter into the contract to perform said work or improvement, as hereinafter provided, then the certified check accompanying his bid, and the amount therein mentioned, shall be declared forfeited to said city, and shall be collected by it, and paid into its fund for repairs of streets."

The provisions of the statute seem to have been substantially complied with by the defendant and its servants in all the proceedings here under review, and the plaintiff's check was therefore properly declared forfeited to the city.

The judgment and order appealed from should be affirmed.

TEMPLE, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.
    McFARLAND, J., DE HAVEN, J., FITZGERALD, J.