Filed 6/11/13  Orozco v. JP Morgan Chase Bank CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| LEONARDO OROZCO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>    Defendants and Respondents. | D059878<br><br><br><br>(Super. Ct. No. 37-2008-00057744-CU-OR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Thomas P. Nugent, Judge.  Affirmed.

Hallstrom Klein & Ward, Grant J. Hallstrom; and Oscar Ruiz de Chavez, for Plaintiff and Appellant.

AlvaradoSmith, Sung-Min Christopher Yoo, John M. Sorich, and Katherine S. Agbayani, for Defendants and Respondents.

INTRODUCTION

In this appeal, plaintiff Leonardo Orozco seeks reversal of trial court orders granting the defendants' motion for nonsuit, denying his motion for leave to amend his prayer for relief to seek an equitable remedy, denying his motion for a new trial, and sustaining defendants' demurrer to one of the causes of action alleged in his original complaint. We discern no prejudicial errors in these orders and affirm the judgment.

BACKGROUND[1]

In June 2005 Orozco obtained a $1 million loan secured by a trust deed encumbering his home in Carlsbad. The trust deed identified Metrocities Mortgage LLC doing business as No Red Tape Mortgage as the lender, Fidelity National Loan Portfolio Solutions as the trustee, Mortgage Electronic Registration Systems, Inc. (MERS) the nominee beneficiary, and Orozco as the borrower.

In July 2007 a default notice was recorded indicating Orozco's loan payments were almost $27,000 in arrears. The notice also indicated Orozco had to contact defendant Chase Home Finance, LLC (Chase) to arrange for payment to stop the foreclosure.

---

[1] Defendants have requested we take judicial notice of 11 documents providing background information. Orozco did not oppose the request. The first 10 documents were either issued by, filed with and considered by, or otherwise before the trial court. We grant the request as to these documents. (Evid. Code, § 459, subd. (a).) The last document does not appear to have been before the trial court in any manner and we do not need to consider it to resolve the issues presented on appeal. We, therefore, deny the request as to this document. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

In August 2007 an assignment of deed of trust was recorded indicating MERS transferred all beneficial interest in the trust deed to defendant Deutsche Bank National Trust Company (Deutsche). In October 2007 a substitution of trustee was recorded stating Deutsche substituted NDEx West, LLC (NDEx) as the new trustee of the trust deed.

In November 2007 a notice of trustee's sale was recorded indicating NDEx was going to sell Orozco's home at a public auction. In June 2008 a trustee's deed upon sale was recorded indicating NDEx sold Orozco's home to Deutsche at a public auction on May 16, 2008, for $796,000. The deed upon sale also indicated the amount of unpaid debt and costs at the time of the sale was $1,088,222.52.

In August 2008 Orozco filed a complaint against JPMorgan Chase Bank, N.A., Chase, and Deutsche (collectively defendants) "to set aside foreclosure sale and trustee's deed upon sale and for damages." (Capitalization omitted.) The complaint alleged causes of action for wrongful foreclosure, fraud, and improper foreclosure.

Defendants demurred to the complaint, arguing Orozco had not stated any viable causes of action. The trial court overruled the demurrer as to the fraud cause of action and sustained the demurrer to the wrongful foreclosure and improper foreclosure causes of action with leave to amend. Orozco subsequently filed a first amended complaint alleging causes of action for wrongful foreclosure and fraud, but not for improper foreclosure.

Defendants demurred to the first amended complaint, arguing Orozco had not stated a viable wrongful foreclosure cause of action. The trial court sustained the

3

demurrer without leave to amend, leaving Orozco with just the fraud claim for which the only relief he sought was punitive damages.

Trial commenced in January 2011. After Orozco's opening statement, but before he concluded his presentation of evidence, the trial court granted defendants' motion for nonsuit based on Orozco's inability to establish monetary damages. The trial court additionally denied Orozco's request for leave to amend his prayer for relief to seek the equitable remedy of vacating the foreclosure sale.[2] Orozco subsequently moved for a new trial, which the trial court also denied.

DISCUSSION

I

*Granting of Nonsuit*

A

Before trial, the parties submitted a "Joint Trial Readiness Conference Statement" and proposed jury instructions to the trial court. Defendants also submitted a trial brief.[3] One of the proposed jury instructions disputed by the parties related to whether Orozco's economic damages were limited to the value of the property at the time of the foreclosure sale. At a conference before jury selection commenced, the trial court deferred ruling on

---

[2]     Besides requesting leave to amend his prayer for relief, Orozco apparently moved in limine for leave to amend his complaint to add new causes of action and remedies. The trial court denied the motion both because it was in improper form and because it was untimely. Orozco has not appealed this decision and did not include a copy of the motion in the appellate record.

[3]     These documents are not included in the appellate record.

4

the instruction and requested additional briefing from the parties. After jury selection and just before opening statements, both parties submitted the additional briefing.[4] Although defendants requested the trial court immediately rule on the matter, the trial court declined to do so indicating it would revisit the matter later in the day.

The trial court initially revisited the matter after releasing the jury for lunch, which was after Orozco's first two witnesses had testified and before he concluded his presentation of evidence with his own testimony. The trial court explained to the parties that in reviewing the proposed jury instructions on damages it began to question whether Orozco could obtain noneconomic damages for a fraud claim where he suffered no economic damages because he had no equity in his property. The trial court asked the parties to research the issue over the lunch break and to return from the break early to discuss the matter further.

When the trial court and the parties revisited the issue again, Orozco's counsel clarified Orozco was not seeking emotional distress damages. Orozco was, however, seeking damages for the loss of his home and potential future profits he would have made from it. Essentially, he was seeking to vacate the foreclosure sale.

The trial court noted this relief was available for wrongful foreclosure. However, because defendants had successfully demurred to the wrongful foreclosure causes of action in Orozco's original and first amended complaints, the trial court determined this relief was not available to Orozco.

---

[4]     The additional briefing is not included in the appellate record.

5

Given this determination, the trial court pointed out Orozco could not prove the damages element of his fraud claim. The trial court further stated it was inclined under the circumstances "to conclude the litigation." The trial court did not invite a motion for nonsuit or otherwise elaborate on how it might reach such a conclusion. The trial court also did not end further discussion of the matter.

Instead, Orozco's counsel immediately launched into a lengthy argument asserting the trial court was required to allow him to continue with his punitive damages claim notwithstanding his lack of monetary damages and to amend his complaint to request the equitable remedy of vacating the foreclosure sale. The argument culminated in Orozco's specific request for such leave to amend.

Defendants opposed the request, arguing equitable remedies are not available for fraud claims. Before the trial court could respond to these arguments, defendants moved for nonsuit. The trial court granted the motion, finding Orozco was not entitled to seek equitable relief for his fraud claims, was not entitled to amend his complaint at that late juncture, and was not entitled to pursue punitive damages when he admittedly had no economic or noneconomic damages.

B

*Procedural Propriety of Nonsuit Motion*

Orozco preliminarily contends the trial court's order granting nonsuit was procedurally improper. Specifically, Orozco contends the trial court improperly (1) granted nonsuit sua sponte, (2) weighed the evidence in deciding whether to grant nonsuit, and (3) granted nonsuit before the close of Orozco's evidence.

6

Regarding the first identified impropriety, a trial court may not grant nonsuit on its own motion. (*Gullick v. Interstate Drilling Co.* (1931) 111 Cal.App. 263, 267.) However, the record does not show the trial court did so in this case. Rather, the record shows defendants moved for nonsuit after the trial court implicitly decided a jury instruction issue in their favor. Additionally and contrary to Orozco's assertions, the trial court did not initiate the discussion leading to the nonsuit. Defendants initiated the discussion by raising the damages issue in their trial brief and during the pretrial conference. Although the defendants specifically requested a ruling on the issue before opening statements, the trial court postponed its decision so it could receive and consider additional briefing. When the trial court revisited the matter at the first reasonably available opportunity, the trial court indicated its leanings and heard extensive arguments from Orozco's counsel. The trial court then gave defendants their turn to speak. After defendants made their points, they immediately moved for nonsuit without any prompting from the trial court. Accordingly, we cannot conclude from this record the trial court granted nonsuit sua sponte.

Regarding the second identified impropriety, a trial court may not weigh evidence in deciding whether to grant nonsuit. (*Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 838-839.) However, the record does not show the trial court did this either. While the arguments of Orozco's counsel to the trial court on the damages issue included tangential evidentiary points, the trial court did not base its decision on these points. Instead, the trial court based its decision on Orozcos counsel's acknowledgments Orozco had no equity in his home and was not seeking emotional distress damages. The trial

7

court also based its decision on its legal determination Orozco could not obtain the equitable remedy of vacating the foreclosure sale for his fraud claim. Thus, Orozco has not established the trial court's decision rested on an improper assessment of the evidence.

Regarding the last identified impropriety, Code of Civil Procedure section 581c, subdivision (a), provides: "Only after, and not before, the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury, the defendant, without waiving his or her right to offer evidence in the event the motion is not granted, may move for a judgment of nonsuit." Orozco interprets this section as limiting the timing of a motion for nonsuit to either directly after the plaintiff's opening statement or directly after the close of the plaintiff's evidence. In other words, a defendant cannot, as defendants did here, make a motion for nonsuit between these two points in time.

We note the plain language of the statute is not qualified in this manner. In addition, Orozco has not cited nor have we located any authority supporting Orozco's interpretation of the statute. Ultimately, we need not decide the matter because, even assuming the timing of defendants' motion violated the statute, neither this procedural irregularity nor any of the other claimed procedural irregularities requires reversal of the judgment if the motion was otherwise well taken. (*Michel v. Moore & Associates, Inc.* (2007) 156 Cal.App.4th 756, 760, fn. 4; see also *Vincent v. Pacific Grove* (1894) 102 Cal. 405, 410; *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 749.) As we explain below,

8

defendants' motion was well taken because Orozco could not prove he was damaged by defendants' alleged fraud.

II

*Available Damages for Fraud Claim*

A

"To recover for fraud, the plaintiff must prove ' "detriment proximately caused" by the defendant's tortious conduct. [Citation.] Deception without resulting loss is not actionable fraud.' " (*Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 364; Civ. Code, § 1709.)

"Under California law, a defrauded party is ordinarily limited to recovering out-of-pocket damages. [Citation.] The out-of-pocket measure of damages ' "is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." ' " (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 66.)

In this case, the out-of-pocket measure of damages equated to the value of Orozco's equity in his property at the time of the foreclosure sale. (See *Munger v. Moore* (1970) 11 Cal.App.3d 1, 11; *Howe v. City Title Ins. Co.* (1967) 255 Cal.App.2d 85, 87; *Stephans v. Herman*, 225 Cal. App. 2d 671, 673-674.) Orozco's trial counsel, however, acknowledged Orozco did not have any equity in his home at that time. On appeal, Orozco attempts to distance himself from this acknowledgment by pointing to evidence one of his friends and business associates was willing to invest up to $1 million in the

9

property. We accept this evidence as true. (*Michel v. Moore & Associates, Inc.*, *supra*, 156 Cal.App.4th at p. 761 [In reviewing a judgment of nonsuit, we view the evidence in the light most favorable to appellant and affirm only if appellant could not have prevailed at trial even if the jury accepted all appellant's evidence as true and resolved all factual conflicts in appellant's favor.]) Nonetheless, Orozco has not established how a third party's willingness to purchase or give Orozco the money to repurchase the property results in an out-of-pocket loss to Orozco greater than the value of the property itself. Essentially, Orozco seeks to recover monetary damages for his own or a third party's lost opportunity to overspend, and he has not cited nor have we located any authority providing for such recovery.

Orozco additionally asserts he would have testified to having suffered severe emotional distress because of defendants' fraud. Assuming a plaintiff may recover emotional distress damages for the type of fraud Orozco alleges, Orozco's trial counsel specifically informed the trial court Orozco was not seeking such damages. Orozco maintains the record is actually confusing on this point, but we find no confusion or ambiguity in it. To the contrary, the record shows the trial court explicitly inquired whether Orozco sought emotional distress damages and Orozco's trial counsel informed the trial court Orozco had conceded during his deposition "there was not a claim for emotional distress, you know, I'm feeling bad because of all this terrible stuff. That is absolutely not part of one of our claims."

Orozco also suggests he could have established damages for the loss of potential future profits from the eventual appreciation and development of his property, but such

10

damages are " ' "too remote, speculative, or uncertain" ' " for a viable fraud claim. (*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1064.) Moreover, one of defendants' motions in limine during the pretrial conference was to exclude evidence the property was worth more than the loan balance. Orozco did not oppose this motion and the trial court granted it. Consequently, Orozco would not have been able to introduce any evidence of lost potential future profits at trial.

### III

### *Denial of Leave to Amend Prayer for Relief*

Orozco further contends that, in lieu of granting nonsuit, the trial court should have allowed him leave to amend his prayer for relief to include the equitable remedy of vacating the foreclosure sale. We disagree.

The traditional method of challenging the validity of a foreclosure sale is a suit in equity to set aside the sale. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 103; *Munger v. Moore* (1970) 11 Cal.App.3d 1, 6 (*Munger*).) Such a suit typically lies " ' "where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." ' " (*Lona*, *supra*, at p. 103.) Although Orozco attempted to allege such a claim in both his original and first amended complaints, defendants twice successfully demurred to the claim and Orozco had not challenged the trial court's rulings on these demurrers in this appeal.

11

While there is some authority suggesting the breach of a valid oral agreement to postpone a foreclosure sale might provide a ground for vacating the sale, this ground does not apply where, as here, the plaintiff has not sued for breach of the oral promise. (See *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 444-445.) Despite his suggestions to the contrary, Orozco's fraud claim is not functionally equivalent to a breach of contract claim. To state a breach of contract claim, a plaintiff must allege the existence of a contract, plaintiff's performance or excuse for nonperformance, defendants' breach, and plaintiff's resulting damages. (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614.) Orozco's fraud claim alleges Chase, as part of a conspiracy with defendants, intentionally misrepresented to him the foreclosure sale would be postponed so he would not take any action to stop the sale and they could obtain his property at substantially less than its fair market value. As Orozco's fraud claim does not allege the existence of a contract, or any of the other elements of a breach of contract claim, it does not state nor is it the functional equivalent of a contract claim.

We need not decide whether Orozco could have amended his complaint to state a viable contract cause of action because Orozco has forfeited this issue on appeal. (See fn. 2, *ante*.) Moreover, Orozco's counsel specifically told the trial court when he requested leave to amend that Orozco was not seeking to change his cause of action, he was only seeking to change his desired remedy. He essentially wanted to obtain through the back door a remedy he could not obtain through the front door. As the law does not support his entitlement to the remedy of vacating a foreclosure sale for his fraud claim,

12

Orozco has not established the trial court abused its discretion by denying him leave to amend his prayer for relief.

*Aceves v. U.S. Bank N.A.* (2011) 192 Cal.App.4th 218 (*Aceves*), upon which Orozco relies, is inapposite. The main questions presented in *Aceves* were whether the plaintiff had properly pleaded promissory estoppel and fraud claims based on an alleged breach or false promise by the defendant to work with plaintiff to reinstate and modify her loan if she did not pursue foreclosure relief through bankruptcy proceedings. (*Id.* at pp. 225-231.) In concluding the plaintiff had properly pleaded a fraud claim, the *Aceves* court did not discuss the appropriate measure of damages for fraud or whether the plaintiff could obtain equitable relief in addition to or in lieu of such damages. (*Id.* at p. 231.) An appellate opinion is not authority for propositions not considered. (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155.) S*ohal v. Fed. Home Loan Mortg. Corp.* (N.D. Cal. Aug. 30, 2011, No. C 11-01941 JSW) [2011 WL 3842195] is inapposite for the same reason.

*Estudillo v. Security Loan & Trust Co.* (1906) 149 Cal. 556 (*Estudillo*); *Lo v. Jensen* (2001) 88 Cal.App.4th 1093 (*Lo*); and *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238 (*Melendrez*) are similarly unhelpful. *Estudillo* and *Lo* addressed whether a foreclosure sale may be vacated where there was collusive bidding or where intrinsic fraud otherwise tainted the sale. (*Estudillo*, *supra*, at p. 566; *Lo*, *supra*, at pp. 1095-1096.). *Melendrez* addressed whether a foreclosure sale may be vacated where the sale violated a statute requiring its postponement upon the mutual agreement of the

13

borrower and the lender. (*Melendrez, supra*, at pp. 1255-1256.) As Orozco's operative complaint does not allege either circumstance, these cases have no application here.

Also of no assistance to Orozco are *Crofoot v. Tarman* (1957) 147 Cal.App.2d 443 (*Crofoot*) and *Strutt v. Ontario Savings and Loan Assn.* (1970) 11 Cal.App.3d 547 (*Strutt*), which he cites for the first time in his reply brief. The *Crofoot* court held a foreclosure sale may not be vacated where there is no evidence of extrinsic fraud. (*Crofoot, supra*, at pp. 448-449.) The *Strutt* court held a foreclosure sale may not be vacated for extrinsic fraud where the subject property was sold to a bona fide purchaser. (*Strutt, supra*, at p. 553.) Both courts suggested or assumed in dicta a foreclosure sale may be set aside for extrinsic fraud where the purchaser is the lender or a successor, but neither court specifically discussed the point. (*Crofoot*, at p. 448; *Strutt*, at p. 554.) Thus, we can derive no guidance from these decisions.

IV

*Denial of Motion for New Trial*

Orozco alternatively contends the trial court erred in denying his motion for new trial because the trial court incorrectly determined tort actions based on a promise subject to the statute of frauds are categorically barred. Orozco rests this contention on references in defendants' opposition papers and at oral argument to *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544 (*Secrest*), which held an agreement to forebear foreclosing on a deed of trust was subject to the statute of frauds. (*Id.* at pp. 552-554.)

14

We note the trial court's order denying the motion for new trial does not cite to the *Secrest* case (*Secrest*, *supra*, 167 Cal.App.4th 544) or otherwise explain the basis for the trial court's ruling. In addition, while the *Secrest* case and its implications were discussed during oral argument, it was not the main topic. The main topics were the issues discussed *ante*: whether Orozco could have established he suffered monetary damages from defendants' alleged fraud and whether the trial court should have allowed him to amend his complaint to seek vacating the foreclosure sale as a remedy

Further, the appellate record for this issue is incomplete. In particular, the record does not include Orozco's memorandum of points and authorities in support of his motion, his reply, or any other documents he may have submitted to the trial court in connection with the motion. It also does not include his trial brief, which his trial counsel requested the trial court to review before ruling on the motion for new trial.[5]

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. [Citation.] Consequently, plaintiff has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Without all of papers that were before the trial court when it ruled on Orozco's new trial motion, we cannot properly review the basis for the trial court's ruling. Orozco has, therefore, failed to carry his burden of establishing prejudicial error in the ruling. (*Ibid.*)

---

[5] Orozco's notice designating the record on appeal does not show Orozco identified these documents for inclusion in the clerk's transcript.

15

V

*Sustaining Demurrer to Improper Foreclosure Action in Original Complaint*

A

Orozco's original complaint contained three causes of action: one for wrongful foreclosure, one for fraud and deceit, and one for improper foreclosure. As to the improper foreclosure cause of action, the complaint alleged NDEx conducted the foreclosure sale and sold the property to Deutsche. The complaint further alleged NDEx was not the valid successor trustee and Deutsche was not the owner of the note.

The trial court sustained defendant's demurrer to this cause of action finding the cause of action "alleges that at the time of the 5/16/07 sale, NDE[x] was not the successor trustee under the [trust deed] and Deutsche was not the owner of the note. Defendants have made a sufficient showing by their request for judicial notice that Deutsche did, in fact, have the legal right to initiate foreclosure. Plaintiff raises a new allegation in his opposition that there was also a defect in the notice of the trustee's sale. Plaintiff is granted leave to amend to plead such an allegation if viable." When Orozco filed his first amended complaint, he did not include an improper foreclosure cause of action in it.

B

On appeal, he contends the trial court erred when it sustained defendants' demurrer to this cause of action because the cause of action sufficiently stated a fraud claim under the theory Deutsche intentionally misrepresented it had the authority to foreclose under the deed of trust. When reviewing a trial court's ruling sustaining a demurrer, "we examine the complaint's factual allegations to determine whether they state a cause of

16

action on any available legal theory. [Citation.] We treat the demurrer as admitting all material facts which were properly pleaded. [Citation.] However, we will not assume the truth of contentions, deductions, or conclusions of fact or law [citation], and we may disregard any allegations that are contrary to the law or to a fact of which judicial notice may be taken." (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 947.) The "[p]laintiff bears the burden of proving the trial court erred in sustaining the demurrer." (*Vaughn v. LJ Internat., Inc.* (2009) 174 Cal.App.4th 213, 219.)

1

Preliminarily, we must reject defendants' assertion Orozco's appeal of this issue is untimely and procedurally infirm because Orozco had an opportunity to amend his improper foreclosure cause of action and elected not to do so. As Orozco points out, "[w]hen a demurrer to a cause of action is sustained with leave to amend, the plaintiff may elect not to amend the cause of action. The order sustaining the demurrer is treated as an intermediate order with respect to that cause of action, appealable at the time of a final judgment, and the plaintiff is deemed to have elected to stand on the validity of the cause of action as originally pleaded. [Citations.] 'The rule that a choice to amend waives any error can reasonably be applied only on a *cause-of-action-by-cause-of-action basis*. If a plaintiff chooses not to amend one cause of action but files an amended complaint containing the remaining causes of action or amended versions of the remaining causes of action, no waiver occurs and the plaintiff may challenge the intermediate ruling on the demurrer on an appeal from a subsequent judgment. It is only where the plaintiff amends the cause of action to which the demurrer was sustained that

17

any error is waived.' " (*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.* (2009) 171 Cal.App.4th 35, 44.)

2

We, nonetheless, conclude Orozco's contention lacks merit because the trial court's ruling on the demurrer specifically found, based on documents it judicially noticed, that Deutsche was authorized to initiate the foreclosure sale. Orozco's briefs do not address this aspect of the trial court's ruling. Orozco also did not include a copy of the judicially noticed documents in the record. He, therefore, has not carried his burden of establishing prejudicial error.

DISPOSITION

The judgment is affirmed. Respondents are awarded their appeal costs.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

IRION, J.